IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division


GREENLINE EXPRESS
TRANSPORTATION, INC.,

     Plaintiff,

v.                                                   Civil Action No. 3:23cv187

HIGH PLAINS LOGISTICS
CONSULTING, LLC,
et al.,

     Defendants.


**FINAL JUDGMENT ORDER**

This matter is before the Court on the plaintiff's [CORRECTED] MOTION FOR DEFAULT JUDGMENT UNDER FED. R. CIV. P. 55(b) AND BRIEF IN SUPPORT THEREOF (ECF No. 20). Having considered the Motion, supporting memorandum (ECF No. 21), the accompanying affidavit (ECF No. 21-1), relevant law, and the entire record, the Court finds that the plaintiff's allegations support the relief sought, Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001), and that both the monetary and injunctive relief sought in the Complaint are fully warranted. In particular, Count I sufficiently alleges a claim for defamation; Count II sufficiently alleges a claim for Tortious Interference with Business expectancy. And, the Complaint and affidavit show resulting

damage for both claims.  Further, Count III sufficiently alleges a claim for liability under the doctrine of respondent superior as to High Plains Consulting, LLC and Burlong Epps, III as to the conduct alleged in Counts I and II.  The record shows that High Plains Consulting, LLC and Burlong Epps, III were properly served and that neither has appeared or filed an Answer.  Further, the affidavit of Brad Saeger establishes monetary damages.

The Complaint and exhibits show that High Plains Consulting, LLC and Burlong Epps, III acted, as to Counts I and II, willfully, maliciously, and utterly without regard for Plaintiff's rights.

Further, as to Count IV, the Court finds that:

(a) Absent a permanent injunction, Plaintiff will suffer irreparable injury to reputation and business; and

(b)  High Plains Consulting, LLC and Burlong Epps, III will suffer no injury if an injunction is granted; and

(c)  If the defamation and tortious interference alleged in Counts I and II should continue, Plaintiff's remedies at law will be inadequate, notwithstanding that a monetary damage award is appropriate for past damages; and

(d)  A balancing of interests and hardship shows that a remedy is warranted; and

(e)  The public interest will not be disserved by entry of a limited injunction.

Accordingly, it is hereby ORDERED that the plaintiff's [CORRECTED] MOTION FOR DEFAULT JUDGMENT UNDER FED. R. CIV. P. 55(b) AND BRIEF IN SUPPORT THEREOF (ECF No. 20) is granted in part.[1]  It is further ORDERED that judgment is entered as follows:

(1) Against High Plains Logistics Consulting, LLC and Burlong Epps, III, jointing and severally, in the amount of $208,000.00 in compensatory damages for defamation *per se* and tortious interference with business expectancy; together with interest thereon at the federal judgment rate of 5.44% per annum from the date this FINAL JUDGMENT ORDER is entered until paid in full; and

(2) Against High Plains Logistics Consulting, LLC and Burlong Epps, III, jointly and severally, in the amount of $250,000.00 in punitive damages, pursuant to Va. Code § 8.01-38.1, for defamation *per se* and tortious interference with business expectancy, together with interest thereon at the federal judgment rate of 5.44% per annum from the date of FINAL JUDGMENT ORDER is entered until paid in full; and

---

[1] The requested injunction against Carrier411.com and Carrier411 Services, Inc., owner and operator of Carrier411.com, cannot be granted because they are not parties hereto.

(3) The total judgment against High Plains Logistics Consulting, LLC and Burlong Epps, III , is $458,000.00, together with interest thereon at the federal judgment rate of 5.44% per annum from the date of FINAL JUDGMENT ORDER is entered until paid in full.

It is further ORDERED that:

(4) High Plains Consulting, LLC, and Burlong Epps, III, and their subsidiaries, related companies, officers, agents, servants, employees, attorneys, and those persons in active concert or participate with the defendants who receive actual notice of this JUDGMENT ORDER are ENJOINED from publishing further defamatory statements about the plaintiff, including, but not limited to, on Carrier411.com; and

(5) Not later than October 31, 2023, High Plains Consulting, LLC and Burlong Epps, III shall deliver a copy of this FINAL JUDGMENT ORDER to Carrier411 Services, Inc., owner and operator of Carrier411.com, and shall direct Carrier411 Services, Inc. to remove the publications by the defendants as identified in the Complaint and corresponding exhibits in this matter as to the plaintiff. Not later than November 15, 2023, High Plains Consulting, LLC and Burlong Epps, III shall file a sworn

certificate that they have done as instructed by the preceding sentence; and

(6) High Plains Consulting, LLC and Burlong Epps, III are hereby notified that noncompliance with the requirement of paragraph (5) above may give rise to a Show Cause Order for contempt of court which may be punishable by fine or imprisonment under 18 U.S.C. § 401(3).

It is so ORDERED.

_____ /s/ REP _____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October _13_, 2023